IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:25-cv-00125-MR

| | |
|---|---|
| **MARK ALAN MILLER,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **LESLIE COOLEY DISMUKES,**[1] ) <br> **Secretary of the North Carolina** ) <br> **Department of Adult Correction,** ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Mark Alan Miller (herein "Petitioner") on April 28, 2025. [Doc. 1]. Also before the Court is the Petitioner's Motion to Proceed *in Forma Pauperis.* [Doc. 2].

I.  PROCEDURAL BACKGROUND

Petitioner is a prisoner of the State of North Carolina. The Petitioner is serving two consecutive sentences of 70 to 93 months of incarceration

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction (NCDAC) is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the NCDAC, is the proper Respondent in this action.

imposed by the Henderson County Superior Court following his convictions for one count of trafficking in methamphetamine, and one count of trafficking in opium or heroin. [Doc. 1 at 1]. The Petitioner appealed to the North Carolina Court of Appeals which, in a divided opinion, affirmed his conviction for trafficking opium/heroin[2] and his sentences. State v. Miller, 292 N.C. App. 519, 898 S.E.2d 792 (N.C.App. Feb. 20, 2024). Petitioner sought further review in the North Carolina Supreme Court which affirmed the Court of Appeals' decision in a *per curiam*, single word order, "Affirmed." State v. Miller, 387 N.C. 348, 912 S.E.2d 761, 762 (N.C. Mar. 21, 2025). The Petitioner did not seek further review in the U.S. Supreme Court or any post-conviction collateral relief in state court, electing instead to file his federal habeas action in this Court on April 28, 2025. [Doc. 1].

## II. FACTUAL BACKGROUND

The facts surrounding the Petitioner's conviction for trafficking in opium/heroin are not in dispute and are summarized by the North Carolina Court of Appeals as follows:

> Trial evidence relevant to this appeal tended to show the following. On 7 November 2018, the Henderson County Sherriff's Drug Enforcement Unit executed a valid search warrant at [Petitioner]'s home, where they found a pill bottle containing

---

[2] In his direct appeal, Petitioner did not contest his conviction for trafficking in methamphetamine. Likewise, in the present matter, Petitioner makes no claim regarding his conviction for trafficking in methamphetamine.

2

> thirteen white pills. Miguel Cruz-Quinones, a forensic scientist with the North Carolina State Crime Lab, tested the pills and found that they contained hydrocodone.
>
> At the close of the State's case, [Petitioner] moved to dismiss all the charges, which the trial court denied. [Petitioner] elected not to put on any evidence, but he renewed his motion to dismiss the charges, which the trial court again denied. During its jury instructions, the trial court explained, over [Petitioner]'s objection, that opioids were included in the definition of "opium or opiate" under subsection 90-95(h)(4).
>
> On 19 November 2021, the jury found [Petitioner] guilty of "trafficking in methamphetamine by possession," in violation of subsection 90-95(h)(3b), and "trafficking in opium by possession," in violation of subsection 90-95(h)(4). The trial court then conducted a sentencing hearing, where the State mentioned [Petitioner]'s rejection of a plea deal and additional drug activity at [Petitioner]'s home. The trial court sentenced [Petitioner] to two consecutive sentences of imprisonment, both for between seventy and ninety-three months. Also on 19 November 2021, [Petitioner] gave timely notice of appeal.

Miller, 292 N.C. App. at 520-21, 898 S.E.2d at 794.

In his direct appeal, the Petitioner raised three issues for review: whether the trial court erred by (1) denying his motion to dismiss the charge of trafficking in opium/heroin because hydrocodone is an *opioid* not prohibited by N.C. Gen. Stat. § 90-95(h)(4) at the time of the offense; (2) instructing the jury that *opioids* were included in the definition of "opium or opiate" under state law at the time of the offense; and (3) considering evidence of allegedly improper factors under state law at sentencing. [Id.]. The majority opinion of the Court of Appeals concluded that the trial court

3

Case 1:25-cv-00125-MR      Document 3      Filed 11/18/25      Page 3 of 10

committed no error, Miller, 292 N.C. App. at 527, 898 S.E.2d at 798, and the North Carolina Supreme Court affirmed. Miller, 387 N.C. at 348, 912 S.E.2d at 762.

## III. STANDARD OF REVIEW

In reviewing Petitioner's claims, the Court must consider the requirements governing petitions for habeas corpus under 28 U.S.C. § 2254(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That section of the AEDPA applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. A federal court may not grant § 2254 relief as to any claim "adjudicated on the merits" in state court unless the state court's adjudication of such claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

A state court's decision constitutes an unreasonable application of clearly established federal law under § 2254(d)(1) when the state court

4

correctly identifies the "governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." Barnes v. Joyner, 751 F.3d 229, 238 (4th Cir. 2014) (citation omitted). To find an "unreasonable application of federal law" requires a "substantially higher threshold" to overcome. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). In making this assessment, the habeas court looks "to whether the state court's application of law was objectively unreasonable and not simply whether the state court applied the law incorrectly." Barnes, 751 F.3d at 238-39 (citation omitted).

For a state court's factual determination to be held unreasonable under § 2254(d)(2), "[the determination] must be more than merely incorrect or erroneous." Williams v. Stirling, 914 F.3d 302, 312 (4th Cir. 2019) (citation omitted). The state court's finding must be "sufficiently against the weight of the evidence that it is objectively unreasonable." Id. (citation omitted). The AEDPA also provides that "a determination of a factual issue made by a State court shall be presumed to be correct" absent "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1). These provisions of the AEDPA, "operating in tandem," require that a petitioner seeking relief under § 2254(d)(2) establish that the state court's factual finding was "incorrect by clear and convincing evidence, and that the corresponding factual determination was objectively unreasonable in light of the record before the

5

court." Merzbacher v. Shearin, 706 F.3d 356, 364 (4th Cir. 2013) (quoting Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (internal quotation marks omitted)).

In sum, a federal court "shall not" grant a writ of habeas corpus unless the earlier decision took an "unreasonable" view of the facts or law. 28 U.S.C. § 2254(d). By design, this "standard is difficult to meet." Harrington v. Richter, 562 U.S. 86, 102 (2011). The term "unreasonable" refers not to "ordinary error," plain error, or even to circumstances where the petitioner offers "a strong case for relief," but rather to "extreme malfunctions in the state criminal justice syste[m]." Id. (internal citation omitted). The critical question is whether the state court "managed to blunder so badly that every fairminded jurist would disagree" with its outcome. Mays v. Hines, 141 S. Ct. 1145, 1149 (2021).

## IV. DISCUSSION

The Petitioner raises the same three arguments in his § 2254 petition[3] as he raised before the state appellate courts on direct review. More

---

[3] While Petitioner has alleged four Grounds for relief in his petition, Grounds One and Three present the same claim that the state trial court erred in denying Petitioner's motion to dismiss the trafficking in opium/heroin charge because hydrocodone is an *opioid* not prohibited by N.C. Gen. Stat. § 90-95(h)(4) at the time of the offense. [Doc. 1 at pp. 5-7; 13-15]. Ground Two presents the claim that the state trial court erred by instructing the jury that *opioids* were included in the definition of "opium or opiate" under state law at the time of the offense. [Id. at pp.9-12]. And Ground Four presents the claim that the state

6

Case 1:25-cv-00125-MR    Document 3    Filed 11/18/25    Page 6 of 10

importantly, however, in this matter Petitioner contends only that the North Carolina courts erroneously interpreted North Carolina law. Petitioner has argued no deprivation of any ***federal rights*** in this habeas action.

A state inmate may invoke federal habeas jurisdiction only if he can establish that he is a person convicted under a state-court judgment and that he is in "custody in violation of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254. The Supreme Court has made clear that a federal habeas court will not review any claim that concerns how a state court construes or applies its own statutory law and precedents.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); see also Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874–75, 79 L.Ed.2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Estelle v. McGuire, 502 U.S. 62, 63 (1991).

The Petitioner alleges no federal law violations anywhere in his § 2254 petition. And for good reason – Petitioner did not assert, and the North Carolina appellate courts never so much as mentioned, any federal

---

trial court erred by considering evidence of improper factors under state law at sentencing. [Id. at pp.17-18].

7

constitutional, statutory, or case law violations in their published decisions affirming the trial court's rulings in Petitioner's case. Despite Petitioner's unsuccessful litigation of his state-law claims in his direct appeal, he cannot seek review of them in this habeas action. As such, Petitioner's claims are without merit.

## IV. CONCLUSION

All of Petitioner's asserted Grounds for relief are claims that were adjudicated on the merits in the courts of North Carolina and the state courts' adjudication of those claims resulted in decisions construing only North Carolina law. Hence, the state courts' adjudication of Petitioner's claims did not and could not result in any decision that was contrary to, or even involved the application of, clearly established federal law, as determined by the Supreme Court of the United States. Further, because Petitioner does not challenge any of the facts underlying his state judgments, the state courts' adjudication of Petitioner's claims did not result in any decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State trial court proceedings. For these reasons, the Petitioner is not entitled to relief under his § 2254 Petition for Writ of Habeas Corpus and the same should be denied and dismissed. Based on Petitioner's declaration and application to proceed without prepayment of fees [Doc. 2],

the Court is satisfied that Petitioner is indeed indigent and should be allowed to proceed *in forma pauperis*.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED** and **DISMISSED**;

2. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**;

3. The Clerk of Court is respectfully directed to correct the Docket to show Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction, as the proper Respondent in this action; and

4. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: November 17, 2025

Martin Reidinger
Chief United States District Judge